UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

KEVIN WILLIAMS,
        Plaintiff,

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,
        Defendants.
_____/

Case No. 2:16-CV-72
HON. R. ALLAN EDGAR

## OPINION

Plaintiff Kevin Williams, an inmate currently confined by the Michigan Department of Corrections (MDOC), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants MDOC, Corizon Health Services (CHS), Prison Health Care Services Inc. (PHS), Bureau of Health Care Services (BHCS), Correctional Medical Services Inc. (CMS), Summer Laughhunn, S. Shuker, L. Hill, Unknown Montgomery, Unknown Anderson, Patricia Lamb, Robert Napel, Unknown Parties John and Jane Doe #1-#20, Daniel H. Heyns, and Heidi E. Washington. ECF No. 1. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's claims against the MDOC, CHS, BHCS, PHS, CMS, Heyns, Washington, Napel, Laughhunn, Hill, Lamb, John and Jane Doe #1-#20, and

Shuker. The Court will order service of the complaint on Defendants Montgomery and Anderson.

## DISCUSSION

I. <u>Factual Allegations</u>

Plaintiff asserts that he suffers from a ruptured wrist ligament, diabetes, gout, high uric acid levels, muscle spasms, and back pain. Plaintiff's muscle spasms have caused him to bite through his bottom lip. PageID.11.  In 2010, Plaintiff was afforded several special accommodations for his medical conditions, such as: prescription shoes, a brace for his wrist, and a special garment and support hose for edema. Plaintiff was noted to be at risk for heat-related illness and ordered not to lift more than five pounds. PageID. 53. In 2013, he was issued a bite guard for his muscle spasms that caused him to bite his lip. PageID.11. In addition, Plaintiff was prescribed chronic kidney disease medication and coronary artery disease medication. PageID.16-17. However, Plaintiff contends that he was not provided any of these treatments by the named Defendants. PageID.16-17. Moreover, Defendants did not administer or order "allopurinol 100mg" as prescribed by Dr. Aster Berhane, which was used to treat Plaintiff's uric acid levels. PageID.15-16.

On April 12, 2013, Plaintiff was denied Nitroglycerin and Cozaar 100mg, which were used to treat Plaintiff's chronic chest pains (Angina), and to prevent brain damage, heart attacks, strokes, and to keep Plaintiff's kidneys from failing. PageID.28-29. All named Defendants failed to provide and continue to deprive him of this medications. PageID.29.

On July 14, 2013, Defendant Montgomery was doing routine medication delivery in the G-Block unit where Plaintiff was located. PageID.10. Plaintiff informed Defendant Montgomery that he needed ice, adequate pain killers, or "nitro" because Plaintiff has a heat

related illness that causes dizziness, nausea, vomiting, shortness of breath, blurred vision, severe chest pains, and severe muscle spasms. PageID.10. Defendant Montgomery told Plaintiff that he was not going to receive any ice for his heat related illness, or any other kind of medical treatment. PageID.10. Plaintiff asked to speak with someone else about his concerns. PageID.10. Defendant Montgomery told Plaintiff to go to his bunk and to contact his lawyer if Plaintiff does not like what Defendant Montgomery said. PageID.10.

Plaintiff filed a grievance against Defendant Montgomery after this incident. PageID.12, 38. This grievance was reviewed at Step I by Defendants Shuker and Hill on July 29, 2013. PageID.12, 38. In denying the grievance, Defendants stated:

> Review of grievant's medical record produces an "At Risk for Heat Related illness" accommodation. Thus accommodation's precautions are itemized in OP03.04.100E and do not include being provided ice. I find no violation on the part of healthcare.
>
> . . .
>
> Grievant alleges deliberate indifference and medical negligence because he was not supplied ice. Grievant has an At Risk for Heat Related Illness accommodation. OP03.04.100E does not mandate ice to be served. No violation found. Grievant acknowledges that he has been provided a copy of Attachment A - Prevention of Heat Related Illness. Grievance denied. Issue resolved.

PageID.38. Plaintiff appealed his Step I grievance. PageID.41. Defendant Lamb reviewed Plaintiff's grievance appeal at Step II. PageID.41. Defendant Lamb affirmed the Step I response on August 27, 2013. PageID.42. Plaintiff appealed to Step III. PageID.43. Defendant Laughhunn reviewed Plaintiff's Step III grievance and affirmed the prior decisions, thereby denying his grievance on December 5, 2013. PageID.44.

On July 16, 2013, Plaintiff met Defendant Anderson while she conducted a

routine medication delivery in the G-Block unit where Plaintiff was located. PageID.20. Plaintiff informed Defendant Anderson about his heat related illness, and told her that his body was on fire and that he needed ice to place on his groin area. PageID.21. Defendant Anderson told Plaintiff that his issue was a housing issue and that he should talk to the housing unit officers about it. PageID.21. Plaintiff told Correctional Officer White about his heat issue, but Officer White said that Defendant Anderson lied about Plaintiff's heat problem being a housing unit issue. PageID.21. Officer White called health services for Plaintiff regarding the heat issue, but no one from health services responded to the call or met with Plaintiff. PageID.21.

Plaintiff filed a grievance against Defendant Anderson after this incident because she denied him ice, which Plaintiff needed because his "body was on fire from the high heat . . . and humidity that day." PageID.24, 226. Defendant Lamb reviewed the grievance at Step II on August 22, 2013. PageID.228-229. Defendant Lamb affirmed the denial at Step I since "[n]either policy nor procedure requires Health Care to issue ice upon request simply by virtue of a prisoner having an accommodation for being at risk of a heat related illness." PageID.229. Plaintiff appealed to Step III. PageID.230. His Step III grievance was reviewed by Defendant Laughhunn on December 6, 2013. PageID.230. Defendant Laughhunn rejected the grievance because it was duplicative of the grievance Plaintiff had recently filed against Defendant Montgomery. PageID.24, 231.

Plaintiff asserts that the Director of MDOC (Defendant Heyns) and Defendant Washington failed to train Defendant Napel, and that Defendant Napel failed to train the medical staff appropriately, which thereby resulted in the other Defendants denying Plaintiff medical treatment. PageID.30. Also, he states that the MDOC, CHS, BHCS, PHS, and CMS failed to

properly advise their health care employees, and therefore they knowingly acquiesced in their employees' deliberate indifference to Plaintiff's serious medical needs. PageID.31. Based on these occurrences, Plaintiff asserts that his medical conditions have worsened and continue to go untreated. As a result, Plaintiff claims that Defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical needs.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

### A. Immunity

Plaintiff may not maintain a § 1983 claim against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 977 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g., McCoy v. Michigan*, 369 Fed. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the MDOC), is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the MDOC from this action.

### B. Color of Law

Plaintiff also raises claims against CHS, BHCS, PHS, and CMS. Against these Defendants, Plaintiff alleges that the company failed to provide him proper medical care through its hired employees and failed to properly supervise its medical personnel. Depending on the circumstances, a private entity may be considered to be a "state actor" for purposes of § 1983. *See, e.g., Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142-48 (3d Cir. 1995) (volunteer fire

company is a state actor); *McKeesport Hosp. v. Accreditation Council for Graduate Med. Educ.*, 24 F.3d 519, 523-26 (3d Cir. 1994) (private accreditation body for graduate medical programs is not a state actor). However, there is no reason to decide whether CHS, BHCS, PHS, or CMS could be considered to be a state actor for purposes of § 1983. This is because Plaintiff's claim against these Defendants fails because he premises liability against them solely on the basis of *respondeat superior*, or vicarious liability, for failing to train the medical personnel that allegedly violated Plaintiff's Eighth Amendment rights. An entity may not be sued in an action under § 1983 for an injury inflicted solely by its employees or agents. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Collins v. City of Harker Heights*, 503 U.S. 117, 121 (1992); *see also Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir 1982) (a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights). Liability against an entity may not be based solely on the fact that the entity employed a tortfeasor, i.e., under a theory of respondeat superior. *Monell*, 436 U.S. at 691; *Collins*, 503 U.S. at 122. Thus, because CHS, BHCS, PHS, and CMS cannot be liable under § 1983 solely because it employed the medical personnel who allegedly denied Plaintiff's Eighth Amendment rights, Plaintiff's actions against them fail.

### C. Supervisory Liability

Plaintiff alleges that Defendants Daniel Heyns, Heidi Washington, and Robert Napel are liable for the conduct of all the other Defendants because they are supervisory employees. In addition, Plaintiff alleges that Defendants Lamb, Shuker, Hill, and Laughhunn are liable as supervisors for denying his grievances relating to his deliberate indifference claims.

Government officials may not be held liable for the unconstitutional conduct of

their subordinates under the theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell*, 436 U.S. at 691; *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Gritner v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Accordingly, Plaintiff fails to state a claim against Defendants Daniel Heyns, Heidi Washington, Robert Napel, Lamb, Hill, Shuker, and Laughhunn.

### D. Conclusory Allegations

Plaintiff also makes a vague Eighth Amendment deliberate indifference claim against several unknown parties (John and Jane Doe # 1-#20). PageID.25. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678-79 (2009); *Twombly*, 550 U.S. at 555. As a result, Plaintiff's claim against unknown John and Jane Doe #1-#20 is dismissed.

### E. Eighth Amendment

Plaintiff makes two Eighth Amendment claims of deliberate indifference against Defendants Montgomery and Anderson for denial of necessary medical treatment. The Court concludes that Plaintiff's allegations are sufficient to warrant service of his Eighth Amendment claims on these two Defendants.

III. Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's claims against Defendants MDOC, CHS, BHCS, PHS, CMS, Heyns, Washington, Napel, John and Jane Doe #1-#20, Laughhunn, Hill, Lamb, and Shuker fail to state a claim, and will therefore be dismissed. The Court will serve Plaintiff's Eighth Amendment claims against Defendants Montgomery and Anderson.

Accordingly, the Court will order the complaint served upon Defendants Montgomery and Anderson.

An Order consistent with this Opinion will be entered.


Dated: _6/23/2016_____              __/s/ *R. Allan Edgar*_____
                                    HON. R. ALLAN EDGAR
                                    UNITED STATES DISTRICT JUDGE