UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN WILLIAMS,

    Plaintiff,

v.                                                                              Case No. 2:16-cv-72
                                                                                HON. GORDON J. QUIST
MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner Kevin Williams pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was denied medical care for his heat related illness on July 14, 2013, by Defendant Montgomery who told him to go to his bunk and contact his lawyer. Plaintiff alleges that he was again denied care on July 16, 2013, by Defendant Anderson who told him that he should speak with housing because his illness was a custody issue. Plaintiff alleges that he suffers with permanent injuries due to Defendant Montgomery and Anderson's failure to provide him with health care. Plaintiff asserts that Defendants violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs. Defendants filed a motion for summary judgment (ECF No. 57). Plaintiff filed a response (ECF No. 64).

Defendants argue that it is questionable whether Plaintiff suffered a serious injury under Eighth Amendment standards. Defendants rely on the Farmer's Almanac reports which show that the weather on July 14, and July 16, 2013, did not reach 90 degrees Fahrenheit and that a heat alert had not been issued. Prison operating procedures set forth heat stroke symptoms for

health care staff to observe before providing necessary treatment, and ice is not mandated by prison policy as a heat illness treatment. Plaintiff asserts that regardless of what the Farmer's Almanac reports as the outside temperature, the temperature inside the prison walls was at least 10 to 15 degree higher, and that he asked for ice because he had received ice in the past to treat his heat illness problems. Nevertheless, Plaintiff asserts that Defendants ignored his symptoms, causing him unnecessary pain and permanent medical issues.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the

contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 898 (6th Cir. 2004), the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the

4

misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster v. Saginaw Cnty.*, 749 F.3d 437, 448 (6th Cir. 2014); *Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2013) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)).

Defendants argue that Plaintiff provided no evidence to demonstrate that he was suffering from a serious medical need at the time he complained of heat illness. According, to Defendants, Plaintiff merely stated that he was hot and wanted ice. Defendants have not presented affidavits to support their arguments, but have attached Plaintiff's grievances and the responses, two pages of Plaintiff's deposition transcript, and the Farmer's Almanac Weather History For Marquette, Michigan, , which shows a maximum temperature of 83.7 degrees for July 14, 2013, and 78.1 degrees for July 16, 2013.

Plaintiff has asserted that he has a medical history of heat related illness that exacerbates his chronic medical issues of coronary heart disease, severe high blood pressure, severe hypertensive heart disease, kidney disease, and diabetes. Plaintiff states that he informed both Defendants that he was suffering with dizziness, vomiting, faintness, and other symptoms, and not that he was simply hot and uncomfortable. Plaintiff requested ice because other health staff had provided him with ice when he suffered with heat related illness in the past. Plaintiff asserts that both Defendants completely ignored his complaints and made no effort to examine him. Further, Plaintiff has asserted that as a result of the Defendants' failures to treat him, he suffers with blindness and permanent medical injuries. Plaintiff argues that Defendants should not be granted summary judgment by merely asserting that it is "questionable" whether Plaintiff suffered a serious injury. Plaintiff argues that Defendants are essentially conceding that there exists a genuine issue of fact as to whether he was suffering a serious injury. In addition, it appears that Defendants are conceding that they offered no treatment for Plaintiff's complaints of heat illness.

In the opinion of the undersigned, a question of fact exists as to whether Plaintiff was suffering a serious injury when he requested care on July 14, 2013, from Defendant Montgomery, and again on July 16, 2013, from Defendant Anderson. Plaintiff has set forth sufficient facts that could establish that he was suffering from a serious medical need and that his medical needs were ignored by Defendants. In the opinion of the undersigned, Defendants Anderson and Montgomery have failed in their burden of establishing that no genuine issue of fact exists to support an Eighth Amendment claim against them. Defendants alternatively moved for dismissal based upon qualified immunity. However, qualified immunity is not appropriate where

there exists a question of fact on the issues presented. When making a qualified immunity analysis, the facts must be interpreted in the light most favorable to the Plaintiff. Part of the analysis is to determine whether there are any genuinely disputed questions of material fact. *Kain v. Nesbitt*, 156 F.3d 669, 672 (6th Cir. 1998). Where there is a genuinely disputed question of fact, it is for the trier of fact to resolve, not the judge. "This would be true notwithstanding that the trial judge found the [defendant] officer to be more credible than the plaintiff because it is not for the court to make credibility determinations at this stage of the proceeding." *Id.* In the opinion of the undersigned, questions of fact exist that preclude qualified immunity.

Accordingly, it is recommended that Defendants' Motion for Summary Judgment (ECF No. 57) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   January 18, 2018