UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN WILLIAMS,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

Case No. 2:16-CV-72

HON. GORDON J. QUIST

# ORDER ADOPTING
# REPORT AND RECOMMENDATION

Plaintiff, Kevin Williams, filed a civil rights action against Defendants pursuant to 42 U.S.C. § 1983. Defendants Anderson and Montgomery filed a motion for summary judgment (ECF No. 57), and Williams responded. (ECF No. 64.) Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R) recommending that the Court deny Anderson and Montgomery's motion because there is a genuinely disputed question of fact. (ECF No. 75.) Anderson and Montgomery filed a timely objection. (ECF No. 79.)

Pursuant to Federal Rule of Civil Procedure 72(b), a party "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a party objects. Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After

conducting a de novo review of the R & R, Anderson and Montgomery's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Anderson and Montgomery first object to the R & R's reliance on Williams' statements that he was suffering with "dizziness, vomiting, faintness, and other symptoms"; that he "requested ice because other health staff had provided him with ice when he suffered with heat related illness in the past"; and that Anderson and Montgomery ignored his complaints and did not examine him, resulting in blindness and permanent medical injuries. (ECF No. 75 at PageID.1240.) Anderson and Montgomery counter these assertions by citing Williams' own grievances, in which Williams stated that he "informed RN Montgomery that he was hot all over his body and needed some ice," and that "his body was on fire from the high heat temperatures." Therefore, Anderson and Montgomery contend, "it is evidenced that he never complained of any of these symptoms he now alleges he suffered."

Prisoner grievances do not need to be as specific as Anderson and Montgomery would require—grievances merely need to give "prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim," and do not need "to allege a specific legal theory or facts that correspond to all the required elements of a particular legal theory." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003) (*abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 217–24, 127 S. Ct. 910, 922–26 (2007). Williams stated in his grievances that he was suffering from severe heat and needed ice. This was sufficient notice for prison officials to learn of the alleged mistreatment or misconduct; Williams did not need to get into the details of his dizziness, vomiting, and past medical history in order for the officials to be on notice that his claim was about a failure to examine or treat him.

Anderson and Montgomery next object that the R & R failed to properly apply *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001), which held that "[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place *verifying medical evidence in the record* to establish the detrimental effect of the delay in medical treatment to succeed." *Id.* (emphasis added) (citation omitted). Anderson and Montgomery assert that Williams did not provide verifying medical evidence, and the R & R inappropriately relied upon Williams' own statements and medical records from before the events in question.

*Napier* was explicitly limited by *Blackmore v. Kalamazoo County*, 390 F.3d 890, 898–99 (6th Cir. 2004). *Blackmore* limited *Napier* to "those claims involving minor maladies or non-obvious complaints of a serious need for medical care," and *Napier* "does not apply to medical care claims where facts show an obvious need for medical care that laymen would readily discern as requiring prompt medical attention by competent health care providers." *Id.* at 898. The court stated that, among other things, Blackmore's vomiting alone was "a clear manifestation of internal physical disorder." *Id.* at 899. As discussed, Williams alleges that he told Anderson and Montgomery that he was suffering from vomiting, and other symptoms—and had been given ice by health staff in the past. Viewing the evidence in the light most favorable to Williams, his situation is more akin to *Blackmore* than *Napier*,[1] and therefore he did not need to provide verifying medical evidence in the record.

The R & R noted that according to Williams, "he has a medical history of heat related illness that exacerbates his chronic medical issues." (ECF No. 75 at PageID.1240.) Anderson and Montgomery's assertion that Williams' earlier medical record and allegations are not "even

---

[1] "In *Napier,* the prisoner did not complain about missing treatment; told prison guards that missing a treatment was 'no big deal'; missed over forty treatment sessions of his own accord; and neither sought immediate medical attention upon his release nor even attended his next scheduled treatment." *Blackmore*, 390 F.3d at 899.

3

remotely causally connected to his claims against the Defendants" falls flat—preexisting conditions that could be exacerbated or worsened by heat support Williams' allegations of his current medical state. Even if these connections were not clearly argued or pled, *pro se* complaints are construed liberally and are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 75) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Defendants' Objections (ECF No. 79) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 57) is **DENIED**.

Dated: March 5, 2018 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE